UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEMORE FULMORE,

                Plaintiff,

v.                                              9:10-CV-1096
                                              (GTS/DRH)
EUGENE RAIMO; JOHN SMITH; and
JEREMY SAUNDERS,

                Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

STOLL, GLICKMAN & BELLINA                 CYNTHIA H. CONTI-COOK, ESQ.
  Counsel for Plaintiff                            LEO GLICKMAN, ESQ.
71 Nevins Street
Brooklyn, NY 11217

HON. ERIC T. SCHNEIDERMAN              CATHY Y. SHEEHAN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
Division of State Counsel, Litigation Bureau
New York State Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently before the Court, in this prisoner civil rights action filed by Demore Fulmore ("Plaintiff") against New York State Corrections Officers Eugene Raimo, John Smith, and Jeremy Saunders ("Defendants"), is Defendants' motion for partial summary judgment. (Dkt. No. 16.) For the reasons set forth below, Defendants' motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint asserts the following three claims against Defendants arising from events occurring on and after July 3, 2009, at Great Meadow Correctional Facility: (1) a claim that they violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against him; (2) a claim that they violated his Fourteenth Amendment right to due process by issuing a false misbehavior report against him and "submitt[ing] false statements at [his] prison disciplinary proceeding"; and (3) a claim that they conspired to violate both his Eighth Amendment and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. (*See generally* Dkt. No.1 [Plf.'s Compl.].) Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Memorandum-Decision and Order, which is intended primarily for review by the parties.

### B. Defendants' Motion

On September 6, 2011, Defendants moved for partial summary judgment to dismiss Plaintiff's due process and conspiracy claims. (Dkt. No. 16.) Generally, in support of their motion for partial summary judgment, Defendants argue as follows: (1) Plaintiff has failed to state a due process claim, because a prison inmate has no constitutional right to be free from being false accused in a misbehavior report; (2) based on Plaintiff's factual allegations, and/or the admissible record evidence, Defendants are protected from liability on Plaintiff's conspiracy claim by the intracorporate conspiracy doctrine; and (3) based on the admissible record evidence, Defendants are shielded from liability on Plaintiff's due process claims by the doctrine of qualified immunity. (*See generally* Dkt. No. 16, Attach. 3 [Defs.' Memo. of Law].)

2

Generally, in response to Defendants' motion, Plaintiff argues as follows: (1) rather than asserting a Fourteenth Amendment due process claim against Defendants arising from the false statements use to initiate and conduct Plaintiff's disciplinary hearing, Plaintiff is asserting a First Amendment retaliation claim against them, based on his allegation that the disciplinary charges were issued against him as a result of his being "in the company of inmates perceived to be homosexuals"; (2) in any event, "[t]he substantive due process clause of the Fourteenth Amendment protects a person's right to be homosexual and engage in homosexual conduct" in prison; (3) the intracorporate conspiracy doctrine is not available to Defendants because they took the actions in question to pursue their personal objective wholly separate and apart from the objectives of the correctional facility. (*See generally* Dkt. No. 18 [Plf.'s Opp'n Memo. of Law].)

Generally, in reply to Plaintiff's response, Defendants argue as follows: (1) Plaintiff's Complaint fails to assert a claim for retaliation under the First Amendment, or even allege facts plausibly suggesting that Defendants perceived him to be homosexual (or even that he is homosexual); and (2) Plaintiff's Complaint fails to allege facts plausibly suggesting that Defendants took the actions in question to pursue personal objective wholly separate and apart from the objectives of the correctional facility. (*See generally* Dkt. No. 21 [Defs.' Reply Ltr. Brief].)

    **C.**    **Undisputed Material Facts**

The following material facts appeared undisputed based on the admissible record evidence before the Court. On July 3, 2009, at approximately 10:40 a.m., Plaintiff was returning to his housing area from the law library at Great Meadow Correctional Facility. At that time, Defendant Raimo, aided by Defendants Saunders and Smith, used physical force against

3

Plaintiff. Following the use of physical force against Plaintiff, Defendant Raimo filed a misbehavior report against Plaintiff, charging him with (1) assault, (2) engaging in violent conduct, (3) disobeying a direct order, (4) engaging in an unauthorized exchange of property, and (5) violating the institution's pat-frisk procedure.

More specifically, the misbehavior report described the incident as follows:

> On the above time and date I observed Inmate Fulmore passing property to another inmate at the end of C-1 Company. I called Inmate Fulmore to C-Company desk and gave him a direct order to place his hands on the wall under [the] C-1 stairwell. Inmate Fulmore placed his hands on the wall, and abruptly threw his right elbow rearward striking me in the right side of my face. Body holds and force was [sic] used to control Inmate Fulmore.

(Dkt. No. 20, at 38 [attaching Ex. G to Glickman Decl.].) Defendant Saunders signed off on the misbehavior report as a witness.

As a result of the misbehavior report, Plaintiff was subjected to an administrative disciplinary hearing conducted by Hearing Officer Andrew Harvey on July 20, 2009. Relying on the misbehavior report (as well as other evidence), Hearing Officer Harvey found Plaintiff guilty of all of the five above-described charges, except the charge of disobeying a direct order. The other evidence relied on by Hearing Officer Harvey consisted of the following: (1) the unusual incident report; (2) two use-of-force reports; (3) three memoranda exchanged between Defendants Raimo, Sauders, Smith and/or Sergeant Kline, describing the incident and subsequent use of force; (4) the testimony of inmate Nelson (DIN 07-B-2407); (5) the testimony of Corrections Officer John Rosati; and (6) the refusal testify of three of Plaintiff's inmate witnesses based on the fact that they saw nothing. Based on all of this evidence, Hearing Officer Harvey charged Plaintiff with eight months confinement in the facility's Special Housing Unit, as well as loss of packages, commissary and phone.

Familiarity with the remaining undisputed material facts of this action, as well as the disputed material facts is assumed in this Decision and Order, which (again) is intended primarily for review by the parties.

## II.   RELEVANT LEGAL STANDARDS

### A.   Legal Standard Governing Motions for Summary Judgment

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the legal standard governing motions for summary judgment, the Court will not recite that well-known legal standard in this Decision and Order, but will direct the reader to the Court's decision in *Pitts v. Onondaga County Sheriff's Dep't,* 04-CV-0828, 2009 WL 3165551, at *2-3 (N.D.N.Y. Sept. 29, 2009) (Suddaby, J.), which accurately recites that legal standard.

It is well accepted that, on a defendant's motion for summary judgment, the plaintiff's claim may be dismissed for failure to state a claim. *Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273-74 (2d Cir. 1968) ("Where appropriate, a trial judge may dismiss for failure to state a cause of action upon motion for summary judgment."); *Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) ("This Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties."). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that pleading standard under Fed. R. Civ. P. 8(a) turns on the *plausibility* of an actionable claim, rather than turn on the *conceivability* of an actionable claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007). As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

> B.     **Legal Standards Governing Plaintiff's Claims**

Because the parties to this action have demonstrated, in their memoranda of law, an accurate understanding of the relevant points of law contained in the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties.  (*See generally* Dkt. No. 16, Attach. 3 [Defs.' Memo. of Law]; Dkt. No. 18 [Plf.'s Opp'n Memo. of Law]; Dkt. No. 21 [Defs.' Reply Ltr. Brief.])

**III.   ANALYSIS**

> A.     **Whether Plaintiff's Claim for Denial of Due Process Should Be Dismissed**

After carefully considering the matter, the Court agrees with Defendants that Plaintiff's due process claim should be dismissed for the reasons stated by Defendants in their memoranda of law.  (Dkt. No. 16, Attach. 3.)  The Court would add only three points.

First, Plaintiff never responds to Defendants' argument that, without more, the merely filing a false misbehavior report against an inmate does not give rise to a claim under 42 U.S.C. § 1983.  As a result, Defendants' burden with regard to it is lightened such that, in order to succeed on it, they need only show their entitlement to the relief requested with regard to it, which has appropriately been characterized as a "modest" burden.  *Dottolo v. Byrne Dairy, Inc.*, 08-CV-0390, 2010 WL 2560551, at *7, n.13 (N.D.N.Y. June 22, 2010) (collecting authorities).  The Court finds that Defendants have met that modest burden.  In any event, the Court notes that the Court would accept this argument even if it subjected it to the more rigorous scrutiny appropriate for a contested motion.

6

Second, just as an inmate possesses no due process right to be free from being issued a false misbehavior report, an inmate possesses no due process right to be free from having that false misbehavior report relied on by a hearing officer at a disciplinary hearing. *See Freeman v. Rideout*, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding that an inmate who was found guilty by a prison disciplinary committee based on a false report did not have an actionable due process claim because the inmate was granted a hearing and the opportunity to rebut the false charges against him); *accord, Richardson v. Ray*, No. 12-CV-6399, 2012 WL 3105224, at *1 (4th Cir. Aug. 1, 2012); *see also Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997); *Velez v. Burge*, No. 11-CV-2897, 2012 WL 1889402, at *1 (2d Cir. May 25, 2012). In any event, here, any such use of the report was immaterial, given (1) the independence of the hearing officer (against whom no claim has been asserted in this action), and (2) the other evidence relied on by him.

Third, the Court rejects Plaintiff's attempt (during his opposition to Defendants' motion for partial summary judgment) to transform what was obviously pled as a *procedural* due process claim (arising from his disciplinary hearing) into a *substantive* due process claim (arising from adverse action taken allegedly against him due to his status as a homosexual), for the same reasons that the Court rejects Plaintiff's attempt to assert a late-blossoming retaliation claim in this action. *See, infra,* Part III.C. of this Decision and Order.

For these reasons, Defendants' motion for partial summary judgment dismissing Plaintiff's due process claim is granted.

### B. Whether Plaintiff's Claim for Conspiracy Should Be Dismissed

After carefully considering the matter, the Court agrees with Defendants that Plaintiff's conspiracy claim should be dismissed for the reasons stated by Defendants in their memoranda of law. (Dkt. No. 16, Attach. 3.) The Court would add only the following point.

**"**[T]he 'intracorporate conspiracy doctrine' . . . essentially bars conspiracy claims against employees of entities such as DOCS (when those employees are alleged to have conspired solely with each other) unless, pursuant to the doctrine's 'scope of employment' exception, the employees were pursuing personal interests wholly separate and apart from the entity by whom they were employed." *Cusamano v. Sobek*, 604 F. Supp.2d 416, 469-70 (N.D.N.Y. 2009) (Suddaby, J., adopting Report-Recommendation of Lowe, M.J.) (collecting cases).  Here, no factual allegations exist plausibly suggesting that Defendants were pursuing any personal interests apart from the interests of the prison.  Even if such factual allegations did exist, no admissible record evidence exists establishing that Defendants were pursuing any personal interests apart from the interests of the prison.  It is imperative that correctional officers work together to maintain order in the prison and to ensure their own safety as well as the safety of the inmates.

For these reasons, Defendants' motion for partial summary judgment dismissing Plaintiff's claim for conspiracy is granted.

**C.     Whether Plaintiff's Claim for Retaliation Should Be Considered**

After carefully considering the matter, the Court agrees with Defendants that the Court should not consider this claim, for the reasons stated by Defendants in their reply letter brief. The Court would add only two points.

First, while the Court sometimes liberally construes a non-movant's response to a motion as effectively amending the allegations contained in the non-movant's complaint, it does so only when (1) the non-movant is pro se, (2) the response is in opposition to a motion to dismiss, and (3) the response is consistent with the allegations contained in the non-movant's complaint. Here, none of these three conditions is present.  Plaintiff is, and was when he filed his Complaint, represented by able counsel.  Moreover, Plaintiff's late-blossoming claim is asserted

8

in an opposition to a motion for partial summary judgment (not a motion to dismiss), which if permitted would drastically change the landscape of Plaintiff's claims at a late stage of the litigation. Finally, Plaintiff's detailed Complaint, which is otherwise quite detailed, is conspicuously absent of any fact plausibly suggesting that Defendants perceived him to be homosexual (or even that he is homosexual). The Court finds it particularly noteworthy that the words "retaliation," "First Amendment," "homosexual," "July 2," "evening meal," or "mess hall" do not appear anywhere in Plaintiff's Complaint. (*See generally* Dkt. No. 1.)

Simply stated, permitting Plaintiff to effectively amend his Complaint through his opposition to Defendants' motion for partial summary judgment would be, under the circumstances, unduly prejudicial to Defendants, a gross waste of judicial resources, and a violation of both Fed. R. Civ. P. 15(a) and the Court's Pretrial Scheduling Order (page 2 of which set the deadline for the amendment of pleadings as March 15, 2011). (Dkt. No. 12, at 2.) *See also Brown v. Raimondo*, 06-CV-0773, 2009 WL 799970, at *2, n.2 (N.D.N.Y. March 25, 2009) (Report-Recommendation of Treece, M.J., adopted by Suddaby, J.) ("The Court notes that opposition papers [on summary judgment motions] are not the proper vehicle to instill new causes of action or add new defendants."), *aff'd*, 373 F. App'x 93 (2d Cir. 2010).[1] If Plaintiff's

---

[1] *See also Smith v. Greene*, 06-CV-0505, 2011 WL 1097863, at *3, n.5 (N.D.N.Y. Feb. 1, 2011) (Baxter, M.J.) ("[P]laintiff should not be allowed to assert any new claims at this stage of the case, particularly through his response to a summary judgment motion."), *adopted by*, 2011 WL 1097862 (N.D.N.Y. March 22, 2011) (Suddaby, J.); *Jackson v. Onondaga Cnty,* 549 F. Supp.2d 204, 219-20 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation of Lowe, M.J.) (finding that pro se civil rights plaintiff's complaint should not be effectively amended by his new allegations presented in his response to defendants' motion for summary judgment); *Shaheen v. McIntyre,* 05-CV-0173, 2007 WL 3274835, at *1, 9 (N.D.N.Y. Nov. 5, 2007) (McAvoy, J., adopting Report-Recommendation of Lowe, M.J.) (finding that pro se civil rights plaintiff's complaint should not be effectively amended by his new allegations presented in his response to defendants' motion for summary judgment); *Harvey v. New York City Police Dep't*, 93-CV-7563, 1997 WL 292112, at *2 n.2 (S.D.N.Y. June 3, 1997) ("To the extent plaintiff attempts to assert new claims in his opposition papers to defendants' motion, entitled 'Notice of Motions in Response and Opposing Defendant'(s) Summary Judgment Motions,' the Court finds

counsel wanted to assert this claim, he should have filed a motion to amend Plaintiff's Complaint.

Second, even if the Court were to consider this claim, the Court would find it futile. "To prevail on a First Amendment claim under 42 U.S.C. § 1983, a Plaintiff must prove by the preponderance of the evidence that: (1) the speech or conduct at issue was 'protected'; (2) the defendants took 'adverse action' against the plaintiff–namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action–in other words, that the protected conduct was a 'substantial or motivating factor' in the defendants' decision to take action against the plaintiff." *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d 489, 492 [2d. Cir. 2001]).

For the sake of brevity, the Court will not linger on the fact that the Court has found no authority for the point of law that simply being homosexual, or socializing with homosexuals, in a maximum-security single-gender prison (such as Great Meadow Correctional Facility) is "protected activity" or "protected speech" for purposes of a First Amendment claim.[2] More important is the fact that Plaintiff alleges facts plausibly suggesting that the relevant adverse

---

that 'it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment' and accordingly disregards such claims.") (citing *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 170 F.R.D. 111, 119 [S.D.N.Y.1997]).

[2] On the contrary, federal courts appear to routinely uphold as constitutional prison regulations that reasonably limit inmates' First Amendment right to sexual expression. *See, e.g., Giano v. Senkowski*, 54 F.3d 1050, 1052-53 (2d Cir. 1995); *Ramirez v. Pugh*, 379 F.3d 122, 128 (3d Cir. 2004); *Hodgson v. Fabian*, 378 F. App'x 592, 594 (8th Cir. 2010); *Rogers v. Martin*, 85 F. App'x 577, 579 (6th Cir. 2003); *Rogers v. Morris*, 34 F. App'x 481, 482 (7th Cir. 2002). Indeed, the Court notes that in New York there exists a disciplinary rule against sexual relations between prisoners. N.Y. Comp. Codes R. & Regs. tit. 7, § 270.2 (Rules Series 101 Sex Offenses).

action allegedly taken against him (through the initiation of disciplinary charges) resulted in a disciplinary conviction (which does not appear to have been subsequently reversed or vacated). (*See, e.g.,* Dkt. No. 1, at ¶¶ 17, 24.)  As a result, the conclusion that the misbehavior report was actually caused by the misbehavior charged therein (rather than by any protected activity or speech in which Plaintiff engaged) appears inescapable.

For these reasons, the Court will not consider Plaintiff's retaliation claim.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's due process and conspiracy claims are **DISMISSED**; and it is further

**ORDERED** that counsel are directed to appear on NOVEMBER 2, 2012 at 1:30 p.m. in chambers for a pretrial conference, at which counsel are directed to appear with settlement authority, and in the event that the case does not settle, trial will be scheduled at that time. Plaintiff is further directed to forward a written settlement demand to defendants no later than October 12, 2012, and the parties are directed to engage in meaningful settlement negotiations prior to the 11/2/12 conference.

Dated: September 12, 2012
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge